STEPHEN L. ANDERSON  (CBN 150860)
STEVE ALDACO (CBN 216064)
ANDERSON & ASSOCIATES
31285 Temecula Parkway, Suite 240
Temecula, California 92592
Tel. (951) 296-1700
Fax (951) 296-0614
E: attorneys@brandxperts.com

Attorneys for Plaintiff
GARY G. YOUNG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| GARY G. YOUNG, an individual d/b/a MARTINI EYEWEAR and/or MARTINI BIKINI,<br><br>Plaintiff,<br><br>vs.<br><br>3.1 PHILLIP LIM, LLC, a New York limited liability company, 3.1 PHILLIP LIM CA, INC., a California corporation, 3.1 PHILLIP LIM RETAIL, LLC, a New York limited liability company, BARNEYS NEW YORK, INC., a Delaware corporation, GOOP INC., a Delaware corporation, NORDSTROM INC., a Washington corporation, SAKS FIFTH AVENUE LLC, a Massachusetts limited liability company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: 8:16-cv-01556-DOC-KES<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>**Date:   November 14, 2016**<br>**Time:  8:30 a.m.**<br>**Courtroom: Ronald Reagan Bldg. 9C**<br><br>Hon. Judge David O. Carter |

_____

Plaintiff Gary Young hereby requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence of the following documents from the United States Patent and Trademark Office (PTO), filed as exhibits to this Request, for the reasons set forth below.

For ease of reference, selected portions of these documents are also filed as exhibits to Plaintiff Gary Young's Memorandum of Points and Authorities in Support of Motion For Preliminary Injunction.

**Exhibit A**. USPTO Registration Certificate No. 2,094,855, issued to Plaintiff Gary G. Young on September 9, 1997 on the Principal Register for the mark MARTINI (and design) *Martini* for sunglasses, eyeglasses and eyeglass cases in Int. Class 09;

**Exhibit B**. USPTO Registration Certificate No. 2,352,990, issued to Plaintiff, Gary G. Young on May 30, 2000 on the Principal Register for the mark MARTINI (and design) *Martini* for: watches and jewelry in Int. Class 14; luggage, tote bags, sport bags and handbags in Int. Class 18; clothing, including shirts, T-shirts, bathrobes, gloves, scarves, shoes and hats in Int. Class 025;

**Exhibit C**. USPTO Registration Certificate No. 3,602,297, issued to Plaintiff on April 7, 2009 for the word mark **MARTINI** (in standard characters) in Int. Classes 09, 14, 18, 25, including, *inter alia*, for the following goods:  sunglasses and spectacles; watches and jewelry; handbags, purses and wallets; luggage; baseball caps; bathing suits; bikinis; hats; shirts; and shoes;

**Exhibit D**. USPTO Registration Certificate No. 3602484 , issued April 7, 2009 for the word mark **MARTINI BIKINI** (in standard characters) in Int. Class 25 for swimwear.

**Exhibit E**. Office Action issued by the PTO to Defendant on September 13, 2015.

**Exhibit F**. Office Action (final refusal) issued by the PTO to Defendant on May 18, 2016.

**Exhibit G**. Notice of Acceptance Under Section 8 and Notice of Acknowledgment Under Section 15, issued by the PTO acknowledging and accepting Plaintiff's combined declaration of use and incontestability for the trademark Registration Cert. No. 2,094,855.

**Exhibit H**.    Notice of Acceptance Under Section 8 and Notice of Acknowledgment Under Section 15, issued by the PTO acknowledging and accepting Plaintiff's combined declaration of use and incontestability for the trademark Registration Cert. No. 2,352,990.

**Exhibit I.**    Notice of Acceptance Under Section 8 and Notice of Acknowledgment Under Section 15, issued by the PTO acknowledging and accepting Plaintiff's combined declaration of use and incontestability for the trademark Registration Cert. No. 3,602,297.

**Exhibit J.**    Trademark/Service Mark Application Serial No. 86/649,282 filed June 2, 2015 by attorney Marc Reiner on behalf of Defendant 3.1 PHILLIP LIM, LLC for the trademark MARTINI.

## ARGUMENT

A court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). It is well-settled that records and reports from government agencies are the proper subject of judicial notice. See e.g., Barron v. Reich, 13 F. 3d 1370, 1377 (9th Cir. 1994) (judicial notice may be taken of "[r]ecords and reports of administrative bodies"); Interstate Natural Gas Co. v. Southern California Gas Co., 209 F. 2d 380, 385 (9th Cir. 1953) ("We may take judicial notice of records and reports of administrative bodies.").

Courts in this Circuit and across the country routinely take judicial notice of records from the United States Patent & Trademark Office ("PTO") including prosecution and reexamination histories. See e.g., *Kristar Enters., Inc. v. Revel Envtl. Mktg., Inc*., No. 98-3094, 1999 WL 66135, at *3 (N.D. Cal., Feb. 9, 1999) (citing to judicially noticed prosecution history of a patent); *Viskase Corp. v. Am. Nat. Can Co.*, 261 F. 3d 1316, 1327, 1328 n. 2 (Fed. Cir. 2001) (taking judicial notice of PTO reexamination proceedings and outcomes); *Standard Havens Prods.,*

1  *Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n. 3 (Fed. Cir. 1990) (taking judicial

2  notice of a PTO Office Action because it was part of the public record).

3        Because the documents attached as Exhibits 1 through 8 hereto are officially

4  published on the PTO website, the documents are ascertainable, verifiable and their

5  accuracy cannot be reasonably questioned. See *Kos Pharm., Inc. v. Andrx Corp*., 369 F.

6  3d 700, 705 n. 5 (3d Cir. 2004) (taking judicial notice of a Notice of Allowance

7  available on the PTO website); FED. R. EVID. 201(b)(2).

8  CONCLUSION

9        Pursuant to the foregoing authorities, Plaintiff Gary G. Young respectfully

10  requests that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of

11  Evidence, of the documents filed as Exhibits A through J to this Request.

12  DATED:  October 6, 2016                ANDERSON & ASSOCIATES

13

14                           BY:  */StephenLAnderson/*_____

15                              Stephen L. Anderson
      Attorney For Plaintiff

16                              GARY G. YOUNG

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT  A

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 2,094,855

Registered Sep. 9, 1997

## TRADEMARK
### PRINCIPAL REGISTER

*Martini*

YOUNG, GARY GEORGE (UNITED STATES CITIZEN)
5000 NEPTUNE AVENUE
NEWPORT BEACH, CA 92663

FOR: SUNGLASSES, EYEGLASSES AND EYEGLASS CASES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4–1–1996; IN COMMERCE 4–1–1996.

SER. NO. 75–148,768, FILED 1–2–1997.

ESTHER A. BORSUK, EXAMINING ATTORNEY

# EXHIBIT  B

Int. Cls.: **14, 18 and 25**

Prior U.S. Cls.: **1, 2, 3, 22, 27, 28, 39, 41 and 50**

**Reg. No. 2,352,990**

## United States Patent and Trademark Office

**Registered May 30, 2000**

### TRADEMARK
### PRINCIPAL REGISTER

*Martini* ☂

YOUNG, GARY GEORGE (UNITED STATES CIT-
IZEN)
5000 NEPTUNE AVENUE
NEWPORT BEACH, CA 92663

FOR: WATCHES AND JEWELRY, IN CLASS 14
(U.S. CLS. 2, 27, 28 AND 50).
FIRST USE 4–1–1996; IN COMMERCE 4–1–1996.
FOR: LUGGAGE, TOTE BAGS, SPORT BAGS AND
HANDBAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22
AND 41).

FIRST USE 4–1–1996; IN COMMERCE 4–1–1996.
FOR: CLOTHING, NAMELY, SHIRTS, NECKTIES,
T-SHIRTS, BATHROBES, NECKERCHIEVES, BELTS,
GLOVES, SCARVES, SHOES AND HATS, IN CLASS
25 (U.S. CLS. 22 AND 39).
FIRST USE 4–1–1996; IN COMMERCE 4–1–1996.
OWNER OF U.S. REG. NO. 2,094,855.

SER. NO. 75–289,799, FILED 7–17–1997.

PATRICIA EVANKO, EXAMINING ATTORNEY

# EXHIBIT  C

Int. Cls.: 9, 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 21, 22, 23, 26, 27, 28, 36, 38, 39,
41 and 50

Reg. No. 3,602,297

## United States Patent and Trademark Office

Registered Apr. 7, 2009

## TRADEMARK
### PRINCIPAL REGISTER

# MARTINI

YOUNG, GARY GEORGE (UNITED STATES IN-
DIVIDUAL), DBA MARTINI BIKINI
5000 NEPTUNE AVENUE
NEWPORT BEACH, CA 92663

FOR: CASES FOR SPECTACLES AND SUNGLAS-
SES; CHAINS FOR SPECTACLES AND FOR SUN-
GLASSES; EYEGLASS CASES; EYEGLASS CHAINS;
EYEGLASS CORDS; EYEGLASS FRAMES; EYE-
GLASS LENSES; EYEGLASS RETAINING CORDS;
EYEGLASSES; FRAMES FOR EYEGLASSES AND
PINCE-NEZ; FRAMES FOR SPECTACLES AND
SUNGLASSES; SPORTS TRAINING EYEGLASSES;
SUNGLASSES AND SPECTACLES, IN CLASS 9 (U.S.
CLS. 21, 23, 26, 36 AND 38).

FIRST USE 4-1-1996; IN COMMERCE 4-1-1996.

FOR: JEWELRY TO BE AFFIXED TO BIKINIS;
WATCH BANDS; WATCH BANDS AND STRAPS;
WATCH BOXES; WATCH CASES; WATCHES AND
JEWELRY, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 4-1-1996; IN COMMERCE 4-1-1996.

FOR: BAGS AND HOLDALLS FOR SPORTS
CLOTHING; BEACH BAGS; BUM BAGS; CARRY-
ON BAGS; CLUTCH BAGS; GYM BAGS; HAND-

BAGS, PURSES AND WALLETS; LEATHER AND
IMITATION LEATHER BAGS; LUGGAGE; LUG-
GAGE TAGS; OVERNIGHT BAGS; SPORT BAGS,
IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 4-1-1996; IN COMMERCE 4-1-1996.

FOR: BABY TOPS; BASEBALL CAPS; BATHING
SUITS; BIKINIS; CAMP SHIRTS; CAPS; GOLF
SHIRTS; HATS; JACKETS; KNIT SHIRTS; POLO
SHIRTS; SHIRTS; SHOES; SHORTS; SPORTS
SHIRTS; SWEAT PANTS; SWEAT SHIRTS; SWEAT
SHORTS; SWIMWEAR; T-SHIRTS; TANK TOPS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 4-1-1996; IN COMMERCE 4-1-1996.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,094,855 AND
2,352,990.

SER. NO. 77-561,673, FILED 9-3-2008.

H. M. FISHER, EXAMINING ATTORNEY

# EXHIBIT  D

**Int. Cl.: 25**

**Prior U.S. Cls.: 22 and 39**

**Reg. No. 3,602,484**

## United States Patent and Trademark Office

Registered Apr. 7, 2009

### TRADEMARK
### PRINCIPAL REGISTER

# Martini Bikini

YOUNG, GARY GEORGE (UNITED STATES IN-
DIVIDUAL)
5000 NEPTUNE AVENUE
NEWPORT BEACH, CA 92663

FOR: SWIMWEAR, IN CLASS 25 (U.S. CLS. 22
AND 39).

FIRST USE 4-1-1996; IN COMMERCE 4-1-1996.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,094,855 AND
2,352,990.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BIKINI", APART FROM THE
MARK AS SHOWN.

SER. NO. 77-621,468, FILED 11-25-2008.

H. M. FISHER, EXAMINING ATTORNEY

# EXHIBIT  E

| To: | 3.1 Phillip Lim, LLC (trademarks@hballp.com) |
| Subject: | U.S. TRADEMARK APPLICATION NO. 86649282 - MARTINI - N/A |
| Sent: | 9/13/2015 5:17:52 PM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | Attachment - 1 |
| | Attachment - 2 |
| | Attachment - 3 |
| | Attachment - 4 |
| | Attachment - 5 |
| | Attachment - 6 |
| | Attachment - 7 |
| | Attachment - 8 |
| | Attachment - 9 |
| | Attachment - 10 |
| | Attachment - 11 |
| | Attachment - 12 |
| | Attachment - 13 |
| | Attachment - 14 |
| | Attachment - 15 |
| | Attachment - 16 |
| | Attachment - 17 |
| | Attachment - 18 |
| | Attachment - 19 |
| | Attachment - 20 |
| | Attachment - 21 |
| | Attachment - 22 |
| | Attachment - 23 |
| | Attachment - 24 |
| | Attachment - 25 |
| | Attachment - 26 |
| | Attachment - 27 |
| | Attachment - 28 |
| | Attachment - 29 |
| | Attachment - 30 |
| | Attachment - 31 |
| | Attachment - 32 |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 86649282

**MARK:** MARTINI                    *86649282*

**CORRESPONDENT ADDRESS:**
    MARC REINER

    Hand Baldachin & Amburgey Llp

    8 W 40th St Fl 12

    New York, NY 10018-2307

**CLICK HERE TO RESPOND TO THIS LETTER:**

http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** 3.1 Phillip Lim, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
    N/A

**CORRESPONDENT E-MAIL ADDRESS:**
    trademarks@hballp.com

# OFFICE ACTION

# STRICT DEADLINE TO RESPOND TO THIS LETTER

TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE  USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 9/13/2015**

SUMMARY OF ISSUES that applicant must address:

- Likelihood of Confusion Refusal

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

If applicant has questions regarding this Office action, please telephone or e-mail the assigned trademark examining attorney.  All relevant e-mail communications will be placed in the official application record; however, an e-mail communication will not be accepted as a response to this Office action and will not extend the deadline for filing a proper response.  *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.  Further, although the trademark examining attorney may provide additional explanation pertaining to the refusal(s) and/or requirement(s) in this Office action, the trademark examining attorney may not provide legal advice or statements about applicant's  rights.  *See* TMEP §§705.02, 709.06.

**SEARCH OF OFFICE'S DATABASE OF MARKS**

**SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION**

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3602297, 2352990. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the enclosed registrations.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and/or services of the applicant and registrant. *See* 15 U.S.C. §1052(d). A determination of likelihood of confusion under Section 2(d) is made on a case-by case basis and the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) aid in this determination. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349, 98 USPQ2d 1253, 1256 (Fed. Cir. 2011) (citing *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1474 (Fed. Cir. 2000)).  Not all the *du Pont* factors, however, are necessarily relevant or of equal weight, and any one of the factors may control in a given case, depending upon the evidence of record. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d at 1355, 98 USPQ2d at 1260; *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont de Nemours & Co.*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant:  similarity of the marks, similarity and nature of the goods and/or services, and similarity of the trade channels of the goods and/or services.  *See In re Viterra Inc.*, 671 F.3d 1358, 1361-62, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Dakin's Miniatures Inc.* , 59 USPQ2d 1593, 1595-96 (TTAB 1999); TMEP §§1207.01 *et seq.*

**COMPARISON OF MARKS**

In a likelihood of confusion determination, the marks in their entireties are compared for similarities in appearance, sound, connotation, and commercial impression.  *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b)-(b)(v).

In the present case, applicant's  mark is MARTINI and registrant's  mark is MARTINI.  Thus, the marks are identical in terms of appearance and sound.  In addition, the connotation and commercial impression of the marks do not differ when considered in connection with applicant's and registrant's respective goods and/or services.

Therefore, the marks are confusingly similar.

The other registered mark is MARTINI (with design). For a composite mark containing both words and a design, the word portion may be more likely to be impressed upon a purchaser's memory and to be used when requesting the goods and/or services.  *Joel Gott Wines, LLC v. Rehoboth Von Gott, Inc.*, 107 USPQ2d 1424, 1431 (TTAB 2013) (citing *In re Dakin's  Miniatures, Inc.*, 59 USPQ2d 1593, 1596 (TTAB 1999)); TMEP §1207.01(c)(ii); *see In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908, 1911 (Fed. Cir. 2012) (citing *CBS Inc. v. Morrow*, 708 F. 2d 1579, 1581-82, 218 USPQ 198, 200 (Fed. Cir 1983)).  Thus, although such marks must be compared in their entireties, the word portion is often considered the dominant feature and is accorded greater weight in determining whether marks are confusingly similar, even where the word portion has been disclaimed.  *In re Viterra Inc.*, 671 F.3d at 1366, 101 USPQ2d at 1911 (Fed. Cir. 2012) (citing *Giant Food, Inc. v. Nation's Foodservice, Inc.* , 710 F.2d 1565, 1570-71, 218 USPQ2d 390, 395 (Fed. Cir. 1983)).

When comparing marks, the test is not whether the marks can be distinguished in a side-by-side comparison, but rather whether the marks are sufficiently similar in terms of their overall commercial impression that confusion as to the source of the goods and/or services offered under the respective marks is likely to result.  *Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1053, 103 USPQ2d 1435, 1440 (Fed. Cir. 2012); *In re Davia*, 110 USPQ2d 1810, 1813 (TTAB 2014); TMEP §1207.01(b).  The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks.  *United Global Media Grp., Inc. v. Tseng*, 112 USPQ2d 1039, 1049, (TTAB 2014); *L'Oreal  S.A. v. Marcon*, 102 USPQ2d 1434, 1438 (TTAB 2012); TMEP §1207.01(b).

## COMPARISON OF GOODS/SERVICES

The goods and/or services of the parties need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000) ("[E]ven if the goods in question are different from, and thus not related to, one another in kind, the same goods can be related in the mind of the consuming public as to the origin of the goods."); TMEP §1207.01(a)(i).

The respective goods and/or services need only be "related in some manner and/or if the circumstances surrounding their marketing [be] such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

Neither the application nor the registration(s) contains any limitations regarding trade channels for the goods and therefore it is assumed that registrant's and applicant's goods are sold everywhere that is normal for such items, i.e., clothing and department stores. Thus, it can also be assumed that the same classes of purchasers shop for these items and that consumers are accustomed to seeing them sold under the same or similar marks. *See Kangol Ltd. v. KangaROOS U.S.A., Inc.*, 974 F.2d 161, 23 USPQ2d 1945 (Fed. Cir. 1992); *In re Smith & Mehaffey*, 31 USPQ2d 1531 (TTAB 1994); TMEP §1207.01(a)(iii).

Decisions regarding likelihood of confusion in the clothing field have found many different types of apparel to be related goods. *Cambridge Rubber Co. v. Cluett, Peabody & Co.*, 286 F.2d 623, 624, 128 USPQ 549, 550 (C.C.P.A. 1961) (women's boots related to men's and boys' underwear); *Jockey Int'l, Inc. v. Mallory & Church Corp.*, 25 USPQ2d 1233, 1236 (TTAB 1992) (underwear related to neckties); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991) (women's pants, blouses, shorts and jackets related to women's shoes); *In re Pix of Am., Inc.*, 225 USPQ 691, 691-92 (TTAB 1985) (women's shoes related to outer shirts); *In re Mercedes Slacks, Ltd.*, 213 USPQ 397, 398-99 (TTAB 1982) (hosiery related to trousers); *In re Cook United, Inc.*, 185 USPQ 444, 445 (TTAB 1975) (men's suits, coats, and trousers related to ladies' pantyhose and hosiery); *Esquire Sportswear Mfg. Co. v. Genesco Inc.*, 141 USPQ 400, 404 (TTAB 1964) (brassieres and girdles related to slacks for men and young men).

The applicant's goods are: Footwear for women; Heels; Mules; Pumps; Sandals; Stiletto heels.

The registrant's goods are: clothing, namely, shirts, neckties, T-shirts, bathrobes, neckerchieves, belts, gloves, scarves, shoes and hats, [ Baby tops; ] Baseball caps; Bathing suits; Bikinis; [ Camp shirts; ] Caps; Golf shirts; Hats; Jackets; Knit shirts; Polo shirts; Shirts; Shoes; Shorts; Sports shirts; [ Sweat pants; ] Sweat shirts; [ Sweat shorts; ] Swimwear; T-shirts; Tank tops.

The trademark examining attorney has attached evidence from the USPTO's X-Search database consisting of a representative sample of third-party marks registered for use in connection with the same or similar goods and/or services as those of both applicant and registrant in this case. This evidence shows that the goods and/or services listed therein, namely clothing and footwear items, are of a kind that may emanate from a single source under a single mark. *See In re Anderson*, 101 USPQ2d 1912, 1919 (TTAB 2012); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988); TMEP §1207.01(d)(iii).

Since the marks are identical/highly similar and the goods are related, there is a likelihood that purchasers would confuse the sources of the goods or believe they stemmed from a single source. Accordingly, registration is properly refused under Section 2(d) of the Trademark Act due to a likelihood of confusion.

The Trademark Act not only guards against the misimpression that the senior user is the source of the junior user's goods and/or services, but it also protects against "reverse confusion," that is, the junior user is the source of the senior user's goods and/or services. *In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993); *Fisons Horticulture, Inc. v. Vigoro Indust., Inc.*, 30 F.3d 466, 474-75, 31 USPQ2d 1592, 1597-98 (3d Cir. 1994); *Banff, Ltd. v. Federated Dep't Stores , Inc.*, 841 F.2d 486, 490-91, 6 USPQ2d 1187, 1190-91 (2d Cir. 1988).

The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer. *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant. TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1026 (Fed. Cir. 1988).

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $50 per international class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone without incurring this additional fee.

/Scott Bibb/

Examining Attorney

Law Office 109

571-272-5669

scott.bibb@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

**Print: Sep 12, 2015**                    **75289799**

**DESIGN MARK**

**Serial Number**
75289799

**Status**
REGISTERED AND RENEWED

**Word Mark**
MARTINI

**Standard Character Mark**
No

**Registration Number**
2352990

**Date Registered**
2000/05/30

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
YOUNG, GARY GEORGE INDIVIDUAL UNITED STATES 5000 NEPTUNE AVENUE
NEWPORT BEACH CALIFORNIA 92663

**Goods/Services**
Class Status -- ACTIVE.  IC 014.  US  002 027 028 050.  G & S: watches
and jewelry.  First Use: 1996/04/01.  First Use In Commerce:
1996/04/01.

**Goods/Services**
Class Status -- ACTIVE.  IC 018.  US  001 002 003 022 041.  G & S:
luggage, tote bags, sport bags and handbags.  First Use: 1996/04/01.
First Use In Commerce: 1996/04/01.

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: clothing,
namely, shirts, neckties, T-shirts, bathrobes, neckerchieves, belts,
gloves, scarves, shoes and hats.  First Use: 1996/04/01.  First Use In
Commerce: 1996/04/01.

**Prior Registration(s)**
2094855

**Print: Sep 12, 2015**                                **75289798**

**Filing Date**
1997/07/17

**Examining Attorney**
EVANKO, PATRICIA

**Print: Sep 12, 2015**                              **77561673**

**DESIGN MARK**

**Serial Number**
77561673

**Status**
SECTION 8-ACCEPTED

**Word Mark**
MARTINI

**Standard Character Mark**
Yes

**Registration Number**
3602297

**Date Registered**
2009/04/07

**Type of Mark**
TRADEMARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(4) STANDARD CHARACTER MARK

**Owner**
Young, Gary George DBA Martini Bikini INDIVIDUAL UNITED STATES 5000
Neptune Avenue Newport Beach CALIFORNIA 92663

**Goods/Services**
Class Status -- ACTIVE. IC 009. US 021 023 026 036 038. G & S:
Cases for spectacles and sunglasses; Chains for spectacles and for
sunglasses; Eyeglass cases; Eyeglass chains; Eyeglass cords; Eyeglass
frames; Eyeglass lenses; Eyeglass retaining cords; Eyeglasses; Frames
for eyeglasses and pince-nez; Frames for spectacles and sunglasses;
Sports training eyeglasses; Sunglasses and spectacles. First Use:
1996/04/01. First Use In Commerce: 1996/04/01.

**Goods/Services**
Class Status -- ACTIVE. IC 014. US 002 027 028 050. G & S: Jewelry
to be affixed to bikinis; Watch bands; Watch bands and straps; Watch
boxes; Watch cases; Watches and jewelry. First Use: 1996/04/01.
First Use In Commerce: 1996/04/01.

**Goods/Services**
Class Status -- ACTIVE. IC 018. US 001 002 003 022 041. G & S:
Bags and holdalls for sports clothing; Beach bags; Bum bags; Carry-on

-1-

**Print: Sep 12, 2015**                    **77561673**

bags; Clutch bags; Gym bags; Handbags, purses and wallets; Leather and
imitation leather bags; Luggage; Luggage tags; Overnight bags; Sport
bags.  First Use: 1996/04/01.  First Use In Commerce: 1996/04/01.

**Goods/Services**
Class Status -- ACTIVE.  IC 025.  US  022 039.  G & S: [ Baby tops; ]
Baseball caps; Bathing suites; Bikinis; [ Camp shirts; ] Caps; Golf
shirts; Hats; Jackets; Knit shirts; Polo shirts; Shirts; Shoes;
Shorts; Sports shirts; [ Sweat pants; ] Sweat shirts; [ Sweat shorts;
] Swimwear; T-shirts; Tank tops.  First Use: 1996/04/01.  First Use In
Commerce: 1996/04/01.

**Prior Registration(s)**
2094855;2352990

**Filing Date**
2008/09/03

**Examining Attorney**
FISHER, HANNAH M.

**Attorney of Record**
Stephen L. Anderson

# MARTINI

| | |
|---|---|
| **To:** | 3.1 Phillip Lim, LLC (trademarks@hballp.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86649282 - MARTINI - N/A |
| **Sent:** | 9/13/2015 5:17:54 PM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED

ON **9/13/2015** FOR U.S. APPLICATION SERIAL NO. 86649282

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from **9/13/2015** (*or sooner if specified in the Office action*). For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System (TEAS) response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:**  Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations.  These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document.  Many solicitations require that you pay "fees."


Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation.  All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office"  in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."   For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

# EXHIBIT  F

| | |
|---|---|
| **To:** | 3.1 Phillip Lim, LLC (trademarks@hballp.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86649282 - MARTINI - N/A |
| **Sent:** | 5/18/2016 6:35:53 PM |
| **Sent As:** | ECOM109@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
#### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.**  86649282

**MARK:** MARTINI

**CORRESPONDENT ADDRESS:**
    MARC REINER
    Hand Baldachin & Amburgey Llp
    8 W 40th St Fl 12
    New York, NY 10018-2307

# *86649282*

**CLICK HERE TO RESPOND TO THIS LETTER:**
http://www.uspto.gov/trademarks/teas/response_forms.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** 3.1 Phillip Lim, LLC

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
    N/A

**CORRESPONDENT E-MAIL ADDRESS:**
    trademarks@hballp.com

## OFFICE ACTION

## STRICT DEADLINE TO RESPOND TO THIS LETTER
TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE: 5/18/2016**

**THIS IS A FINAL ACTION.**

For the reasons set forth below, the refusal under Trademark Act Section 2(d) is now made FINAL with respect to U.S. Registration No(s). 3602297, 2352990.  *See* 15 U.S.C. §1052(d); 37 C.F.R. §2.63(b).

**SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION**

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 3602297, 2352990. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.*  See the previously attached registrations.


When comparing marks, the test is not whether the marks can be distinguished in a side-by-side comparison, but rather whether the marks are sufficiently similar in terms of their overall commercial impression that confusion as to the source of the goods and/or services offered under the respective marks is likely to result.  *Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1053, 103 USPQ2d 1435, 1440 (Fed. Cir. 2012); *In re Bay State Brewing Co.*, 117 USPQ2d 1958, 1960 (TTAB 2016) (quoting *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368, 101 USPQ2d 1713, 1721 (Fed. Cir. 2012)); TMEP §1207.01(b).  The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks.  *In re Bay State Brewing Co.*, 117 USPQ2d at 1960 ( (citing *Spoons Rests., Inc., v. Morrison, Inc.*, 23 USPQ2d 1735, 1741 (TTAB 1991), *aff'd per curiam* , 972 F.2d 1353 (Fed. Cir. 1992)); *In re C.H. Hanson Co.*, 116 USPQ2d 1351, 1353 (TTAB 2015) (citing *Joel Gott Wines LLC v. Rehoboth Von Gott Inc.*, 107 USPQ2d 1424, 1430 (TTAB 2013));TMEP §1207.01(b).


Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and/or services of the applicant and registrant.  *See* 15 U.S.C. §1052(d). A determination of likelihood of confusion under Section 2(d) is made on a case-by-case basis and the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) aid in this determination.  *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349, 98 USPQ2d 1253, 1256 (Fed. Cir. 2011) (citing *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1474 (Fed. Cir. 2000)).  Not all the *du Pont* factors, however, are necessarily relevant or of equal weight, and any one of the factors may control in a given case, depending upon the evidence of record.  *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d at 1355, 98 USPQ2d at 1260; *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont de Nemours & Co.*, 476 F.2d at 1361-62, 177 USPQ at 567.


In this case, the following factors are the most relevant:  similarity of the marks, similarity and nature of the goods and/or services, and similarity of the trade channels of the goods and/or services.  *See In re Viterra Inc.*, 671 F.3d 1358, 1361-62, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Dakin's Miniatures Inc.* , 59 USPQ2d 1593, 1595-96 (TTAB 1999); TMEP §§1207.01 *et seq.*


## COMPARISON OF MARKS


In a likelihood of confusion determination, the marks in their entireties are compared for similarities in appearance, sound, connotation, and commercial impression.  *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973); TMEP §1207.01(b)-(b)(v).


In the present case, applicant's mark is MARTINI and registrant's mark is MARTINI.   These marks are identical in appearance, sound, and meaning, "and have the potential to be used . . . in exactly the same manner."  *In re i.am.symbolic, Llc*, 116 USPQ2d 1406, 1411 (TTAB 2015). Additionally, because they are identical, these marks are likely to engender the same connotation and overall commercial impression when considered in connection with applicant's and registrant's respective goods and/or services.  *In re i.am.symbolic, Llc*, 116 USPQ2d at 1411.


Therefore, the marks are confusingly similar.


For a composite mark containing both words and a design, the word portion may be more likely to be impressed upon a purchaser's memory and to be used when requesting the goods and/or services. *Joel Gott Wines, LLC v. Rehoboth Von Gott, Inc.*, 107 USPQ2d 1424, 1431 (TTAB 2013) (citing *In re Dakin's Miniatures, Inc.* , 59 USPQ2d 1593, 1596 (TTAB 1999)); TMEP §1207.01(c)(ii); *see In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908, 1911 (Fed. Cir. 2012) (citing *CBS Inc. v. Morrow*, 708 F.2d 1579, 1581-82, 218 USPQ 198, 200 (Fed. Cir 1983)).  Thus, although such marks must be compared in their entireties, the word portion is often considered the dominant feature and is accorded greater weight in determining whether marks are confusingly similar, even where the word portion has been disclaimed.  *In re Viterra Inc.*, 671 F.3d at 1366, 101 USPQ2d at 1911 (Fed. Cir. 2012) (citing *Giant Food, Inc. v. Nation's Foodservice, Inc.* , 710 F.2d 1565, 1570-71, 218 USPQ2d 390, 395 (Fed. Cir. 1983)).


The applicant argues that the registrant's mark are able to co-exist with its mark as the term MARTINI is diluted. However, the applicant's and registrant's marks are the only mark in Class 25 which contain MARTINI alone. Also,  prior decisions and actions of other trademark examining attorneys in registering other marks have little evidentiary value and are not binding upon the USPTO or the Trademark Trial and Appeal Board. TMEP §1207.01(d)(vi); *see In re Midwest Gaming & Entm't LLC* , 106 USPQ2d 1163, 1165 n.3 (TTAB 2013) (citing *In re Nett Designs, Inc.*,

236 F.3d 1339, 1342, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001)).  Each case is decided on its own facts, and each mark stands on its own merits.  *See AMF Inc. v. Am. Leisure Prods., Inc.*, 474 F.2d 1403, 1406, 177 USPQ 268, 269 (C.C.P.A. 1973); *In re Binion*, 93 USPQ2d 1531, 1536 (TTAB 2009).

Also, applicant has submitted printed or electronic copies of third-party registrations for marks containing the wording MARTINI to support the argument that this wording is weak, diluted, or so widely used that it should not be afforded a broad scope of protection.  These registrations appear to be for goods and/or services similar to those identified in applicant's application.

The weakness or dilution of a particular mark is generally determined in the context of the number and nature of similar marks in use in the marketplace in connection with similar goods and/or services.  *See Nat'l Cable Tel. Ass'n, Inc. v. Am. Cinema Editors, Inc.*  , 937 F.2d 1572, 1579-80, 19 USPQ2d 1424, 1430 (Fed. Cir. 1991); *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973).  Evidence of widespread third-party use of similar marks with similar goods and/or services "is relevant to show that a mark is relatively weak and entitled to only a narrow scope of protection" in that industry or field.  *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee en 1772*, 396 F.3d 1369, 1373-74, 73 USPQ2d 1689, 1693 (Fed. Cir. 2005); *see In re Coors Brewing Co.*, 343 F.3d 1340, 1345, 68 USPQ2d 1059, 1062-63 (Fed. Cir. 2003).

However, evidence comprising only a small number of third-party registrations for similar marks with similar goods and/or services, as in the present case, is generally entitled to little weight in determining the strength of a mark.  *See AMF Inc. v. Am. Leisure Products, Inc.*, 474 F.2d 1403, 1406, 177 USPQ 268, 269 (C.C.P.A. 1973); *Richardson-Vicks Inc. v. Franklin Mint Corp.*, 216 USPQ 989, 992 (TTAB 1982).  These few registrations are "not evidence of what happens in the market place or that customers are familiar with them."  *AMF Inc. v. Am. Leisure Prods., Inc.*, 474 F.2d at 1406, 177 USPQ at 269; *see Richardson-Vicks Inc. v. Franklin Mint Corp.*, 216 USPQ at 992.  Thus, the few similar third-party registrations submitted by applicant are insufficient to establish that the wording MARTINI is weak or diluted.

Further, evidence comprising third-party registrations for similar marks with different or unrelated goods and/or services, as in the present case, is of limited probative value in determining the strength of a mark.  *See Kay Chems., Inc. v. Kelite Chems. Corp.*, 464 F.2d 1040, 1042, 175 USPQ 99, 101 (C.C.P.A. 1972); *In re Thor Tech, Inc.*, 90 USPQ2d 1634, 1639 (TTAB 2009).  Thus, these third-party registrations submitted by applicant are insufficient to establish that the wording MARTINI is weak or diluted.

## COMPARISON OF GOODS/SERVICES

The goods and/or services of the parties need not be identical or even competitive to find a likelihood of confusion.  *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000) ("[E]ven if the goods in question are different from, and thus not related to, one another in kind, the same goods can be related in the mind of the consuming public as to the origin of the goods."); TMEP §1207.01(a)(i).

The respective goods and/or services need only be "related in some manner and/or if the circumstances surrounding their marketing [be] such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source."  *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i).

Neither the application nor the registration(s) contains any limitations regarding trade channels for the goods and therefore it is assumed that registrant's and applicant's goods are sold everywhere that is normal for such items, i.e., clothing and department stores.   Thus, it can also be assumed that the same classes of purchasers shop for these items and that consumers are accustomed to seeing them sold under the same or similar marks.  *See Kangol Ltd. v. KangaROOS U.S.A., Inc.*, 974 F.2d 161, 23 USPQ2d 1945 (Fed. Cir. 1992); *In re Smith & Mehaffey*, 31 USPQ2d 1531 (TTAB 1994); TMEP §1207.01(a)(iii).

Decisions regarding likelihood of confusion in the clothing field have found many different types of apparel to be related goods.  *Cambridge Rubber Co. v. Cluett, Peabody & Co.*, 286 F.2d 623, 624, 128 USPQ 549, 550 (C.C.P.A. 1961) (women's boots related to men's and boys' underwear); *Jockey Int'l, Inc. v. Mallory & Church Corp.* , 25 USPQ2d 1233, 1236 (TTAB 1992) (underwear related to neckties); *In re Melville Corp.*, 18 USPQ2d 1386, 1388 (TTAB 1991) (women's pants, blouses, shorts and jackets related to women's shoes);   *In re Pix of Am., Inc.*, 225 USPQ 691, 691-92 (TTAB 1985) (women's shoes related to outer shirts);  *In re Mercedes Slacks, Ltd.*, 213 USPQ 397, 398-99 (TTAB 1982) (hosiery related to trousers); *In re Cook United, Inc.*, 185 USPQ 444, 445 (TTAB 1975) (men's suits, coats, and trousers related to ladies' pantyhose and hosiery); *Esquire Sportswear Mfg. Co. v. Genesco Inc.*, 141 USPQ 400, 404 (TTAB 1964) (brassieres and girdles related to slacks

for men and young men).

The applicant's goods are: Footwear for women; Heels; Mules; Pumps; Sandals; Stiletto heels.

The registrant's goods are: clothing, namely, shirts, neckties, T-shirts, bathrobes, neckerchieves, belts, gloves, scarves, shoes and hats, [ Baby tops; ] Baseball caps; Bathing suits; Bikinis; [ Camp shirts; ] Caps; Golf shirts; Hats; Jackets; Knit shirts; Polo shirts; Shirts; Shoes; Shorts; Sports shirts; [ Sweat pants; ] Sweat shirts; [ Sweat shorts; ] Swimwear; T-shirts; Tank tops.

The trademark examining attorney has previously attached evidence from the USPTO's X-Search database consisting of a number of third-party marks registered for use in connection with the same or similar goods and/or services as those of both applicant and registrant in this case.  This evidence shows that the goods and/or services listed therein, namely clothing and footwear items, are of a kind that may emanate from a single source under a single mark.  *See In re Aquamar, Inc.*, 115 USPQ2d 1122, 1126 n.5 (TTAB 2015) (citing *In re Mucky Duck Mustard Co.*, 6 USPQ2d 1467, 1470 n.6 (TTAB 1988)); *In re Albert Trostel & Sons Co.*, 29 USPQ2d 1783, 1785-86 (TTAB 1993); TMEP §1207.01(d)(iii).

Since the marks are identical/highly similar and the goods are related, there is a likelihood that purchasers would confuse the sources of the goods or believe they stemmed from a single source.  Accordingly, registration is properly refused under Section 2(d) of the Trademark Act due to a likelihood of confusion.

The Trademark Act not only guards against the misimpression that the senior user is the source of a junior user's goods and/or services, but it also protects against "reverse confusion," where a significantly larger or prominent junior user is perceived as the source of a smaller, senior user's goods and/or services such that the "senior user may experience diminution or even loss of its mark's identity and goodwill due to extensive use of a confusingly similar mark by the junior user" for related goods and/or services.  *In re i.am.symbolic, Llc*, 116 USPQ2d 1406, 1410 (TTAB 2015) (quoting *In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993)); *Fisons Horticulture, Inc. v. Vigoro Indust., Inc.*, 30 F.3d 466, 474-75, 31 USPQ2d 1592, 1597-98 (3d Cir. 1994).

The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer.  *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993).  Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant.  TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1026 (Fed. Cir. 1988).

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

## RESPONSE TO FINAL OFFICE ACTION

Applicant must respond within six months of the date of issuance of this final Office action or the application will be abandoned.  15 U.S.C. §1062(b); 37 C.F.R. §2.65(a).  Applicant may respond by providing one or both of the following:

(1)    A response that fully satisfies all outstanding requirements and/or resolves all outstanding refusals.

(2)    An appeal to the Trademark Trial and Appeal Board, with the appeal fee of $100 per class.

37 C.F.R. §2.63(b)(1)-(2); TMEP §714.04; *see* 37 C.F.R. §2.6(a)(18); TBMP ch. 1200.

In certain rare circumstances, an applicant may respond by filing a petition to the Director pursuant to 37 C.F.R. §2.63(b)(2) to review procedural issues.  TMEP §714.04; *see* 37 C.F.R. §2.146(b); TBMP §1201.05; TMEP §1704 (explaining petitionable matters).  The petition fee is $100.  37 C.F.R. §2.6(a)(15).

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:**  Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application.  *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820.  TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $50 per international class of goods and/or services.  37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04.  However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone without incurring this additional fee.

/Scott Bibb/

Examining Attorney

Law Office 109

571-272-5669

scott.bibb@uspto.gov

**TO RESPOND TO THIS LETTER:**  Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp.  Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application.  For *technical* assistance with online forms, e-mail TEAS@uspto.gov.  For questions about the Office action itself, please contact the assigned trademark examining attorney.  **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:**  It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants).  If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:**  To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/.  Please keep a copy of the TSDR status screen.  If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199.  For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:**  Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

| To: | 3.1 Phillip Lim, LLC (trademarks@hballp.com) |
|---|---|
| Subject: | U.S. TRADEMARK APPLICATION NO. 86649282 - MARTINI - N/A |
| Sent: | 5/18/2016 6:35:55 PM |
| Sent As: | ECOM109@USPTO.GOV |
| Attachments: | |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED

ON **5/18/2016** FOR U.S. APPLICATION SERIAL NO. 86649282

Please follow the instructions below:

**(1)  TO READ THE LETTER:**  Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2)  TIMELY RESPONSE IS REQUIRED:**  Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period.  Your response deadline will be calculated from **5/18/2016** (*or sooner if specified in the Office action*).  For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions.  Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System (TEAS) response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3)  QUESTIONS:**  For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney.  For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the ABANDONMENT of your application.**  For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:**  Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations.  These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document.  Many solicitations require that you pay

"fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation.  All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov."   For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.

# EXHIBIT G

Commissioner for Trademarks
2900 Crystal Drive
Arlington, VA  22202-3514
www.uspto.gov

REGISTRATION NO: 2094855     SERIAL NO: 75/148768     MAILING DATE:  07/16/2003
REGISTRATION DATE:  09/09/1997
MARK:  MARTINI AND DESIGN
REGISTRATION OWNER:  YOUNG, GARY GEORGE

**CORRESPONDENCE ADDRESS:**
GARY GEORGE YOUNG
5000 NEPTUNE AVENUE
NEWPORT BEACH, CA 92663

# NOTICE OF ACCEPTANCE
15  U.S.C.  Sec.  1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

*********************************************

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C.  Sec.  1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

**ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.**

*********************************************

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
009.

CLINKSCALES, ARLENE L
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**


**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**


**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE.  IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

# EXHIBIT H

Side - 1



**NOTICE OF ACCEPTANCE AND
ACKNOWLEDGEMENT OF §§8 & 15
DECLARATION
MAILING DATE: Aug 5, 2006**

The combined declaration of use and incontestability filed in connection with the registration identified below meets the requirements of Sections 8 and 15 of the Trademark Act, 15 U.S.C. §1058 and 1065.  The combined declaration is accepted and acknowledged.  The registration remains in force.

For further information about this notice, visit our website at: http://www.uspto.gov.  To review information regarding the referenced registration, go to http://tarr.uspto.gov.

| | |
|---|---|
| **REG NUMBER:** | **2352990** |
| **MARK:** | **MARTINI AND DESIGN** |
| **OWNER:** | **YOUNG, GARY GEORGE** |

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS MAIL
U.S POSTAGE
PAID

GARY GEORGE YOUNG
5000 NEPTUNE AVE
NEWPORT BEACH, CA   92663

# EXHIBIT I

| | |
|---|---|
| **From:** | TMOfficialNotices@USPTO.GOV |
| **Sent:** | Thursday, June 2, 2016 11:00 PM |
| **To:** | Gary@SunglassSales.com |
| **Cc:** | attorneys@brandxperts.com |
| **Subject:** | Official USPTO Notice of Acknowledgement Section 15: U.S. Trademark RN 3602297: MARTINI |

**U.S. Registration Number:** 3602297            **U.S. Serial Number:** 77561673
**U.S. Registration Date:** Apr 7, 2009
**Mark:** MARTINI
**Owner:** Young, Gary George

Jun 2, 2016

### NOTICE OF ACKNOWLEDGEMENT UNDER SECTION 15

The declaration of incontestability filed for the above-identified registration meets the requirements of Section 15 of the Trademark Act, 15 U.S.C. §1065. **The Section 15 declaration is acknowledged.**

TRADEMARK SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

### REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

**WARNING: Your registration will be canceled if you do not file the documents below during the specified time periods.**

**Requirements in the First Ten Years**

**What and When to File:**

**First Filing Deadline:** You must file a declaration of use (or excusable nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless canceled by an order of the Commissioner for Trademarks or a Federal Court.

**Second Filing Deadline:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §§1058, 1059.

**Requirements in Successive Ten-Year Periods**

**What and When to File:** You must file a declaration of use (or excusable nonuse) **and** an application for renewal between every 9th and 10th-year period, calculated from the registration date.* *See* 15 U.S.C. §§1058, 1059.

**Grace Period Filings**

The above documents will be considered as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the declarations of use (or excusable nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the declarations of use (or excusable nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**\*\*\*The USPTO WILL NOT SEND ANY FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS. THE REGISTRANT SHOULD CONTACT THE USPTO ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.\*\*\***

To view this notice and other documents for this application on-line, go to http://tdr.uspto.gov/search.action?sn=77561673. NOTE: This notice will only be available on-line the next business day after receipt of this e-mail.

# EXHIBIT  J

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 86649282**
**Filing Date: 06/02/2015**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

**The table below presents the data as entered.**

| Input Field | Entered |
|---|---|
| **TEAS Plus** | **YES** |
| **MARK INFORMATION** | |
| *MARK | MARTINI |
| *STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | MARTINI |
| *MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | 3.1 Phillip Lim, LLC |
| *STREET | 304 Hudson Street 8th Floor |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants) | 10013 |
| **LEGAL ENTITY INFORMATION** | |
| *TYPE | LIMITED LIABILITY COMPANY |
| * STATE/COUNTRY WHERE LEGALLY ORGANIZED | New York |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 025 |
| *IDENTIFICATION | Footwear for women; Heels; Mules; Pumps; Sandals; Stiletto heels |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/01/2014 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/01/2014 |

| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\866\492\86649282\xml1\ FTK0003.JPG |
|---|---|
| | \\TICRS\EXPORT16\IMAGEOUT 16\866\492\86649282\xml1\ FTK0004.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\866\492\86649282\xml1\ FTK0005.JPG |
| | \\TICRS\EXPORT16\IMAGEOUT 16\866\492\86649282\xml1\ FTK0006.JPG |
| SPECIMEN DESCRIPTION | The specimen submitted consists of the mark in use on shoes on an e-commerce website that includes the price and an add to my bag button where buyers can purchase the goods. |

## ADDITIONAL STATEMENTS INFORMATION

| *TRANSLATION (if applicable) | |
|---|---|
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| NAME | Marc Reiner |
|---|---|
| FIRM NAME | Hand Baldachin & Amburgey LLP |
| STREET | 8 West 40th Street, 12th floor |
| CITY | New York |
| STATE | New York |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 10018 |
| EMAIL ADDRESS | trademarks@hballp.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## CORRESPONDENCE INFORMATION

| *NAME | Marc Reiner |
|---|---|
| FIRM NAME | Hand Baldachin & Amburgey LLP |
| *STREET | 8 West 40th Street, 12th floor |
| *CITY | New York |
| *STATE (Required for U.S. applicants) | New York |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 10018 |
| *EMAIL ADDRESS | trademarks@hballp.com;mreiner@hballp.com; gguzzardo@hballp.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | |

| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
|---|---|
| **FEE INFORMATION** | |
| APPLICATION FILING OPTION | TEAS Plus |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 225 |
| *TOTAL FEE PAID | 225 |
| **SIGNATURE INFORMATION** | |
| *SIGNATURE | /Marc Reiner/ |
| *SIGNATORY'S NAME | Marc Reiner |
| *SIGNATORY'S POSITION | Attorney of record, Hand Baldachin & Amburgey, NY State Bar Member |
| *DATE SIGNED | 06/02/2015 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

**Trademark/Service Mark Application, Principal Register**

**TEAS Plus Application**

Serial Number: 86649282
Filing Date: 06/02/2015

## To the Commissioner for Trademarks:

**MARK:** MARTINI (Standard Characters, see mark)
The literal element of the mark consists of MARTINI.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, 3.1 Phillip Lim, LLC, a limited liability company legally organized under the laws of New York, having an address of
   304 Hudson Street 8th Floor
   New York, New York 10013
   United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
   International Class 025:  Footwear for women; Heels; Mules; Pumps; Sandals; Stiletto heels

In International Class 025, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/01/2014, and first used in commerce at least as early as 06/01/2014, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) The specimen submitted consists of the mark in use on shoes on an e-commerce website that includes the price and an add to my bag button where buyers can purchase the goods..
Specimen File1
Specimen File2
Specimen File3
Specimen File4

The applicant's current Attorney Information:
   Marc Reiner of Hand Baldachin & Amburgey LLP
   8 West 40th Street, 12th floor
   New York, New York 10018
   United States

The applicant's current Correspondence Information:
   Marc Reiner
   Hand Baldachin & Amburgey LLP
   8 West 40th Street, 12th floor
   New York, New York 10018
   trademarks@hballp.com;mreiner@hballp.com; gguzzardo@hballp.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Signature: /Marc Reiner/   Date Signed: 06/02/2015
Signatory's Name: Marc Reiner
Signatory's Position: Attorney of record, Hand Baldachin & Amburgey, NY State Bar Member

RAM Sale Number: 86649282
RAM Accounting Date: 06/03/2015

Serial Number: 86649282
Internet Transmission Date: Tue Jun 02 17:47:09 EDT 2015
TEAS Stamp: USPTO/FTK-XXX.XXX.XX.XXX-201506021747098
28243-86649282-530d6455d9e1bf650eab4b293
29f5931033e562463103e276db0abd871faa5564
f-CC-4983-20150602165925242984

# MARTINI

3.1 Phillip Lim

SHOP WOMEN
NEW ARRIVALS
COMING SOON
BAGS
OUTERWEAR
KNITWEAR
DRESSES
TOPS
BOTTOMS
FOOTWEAR
ACCESSORIES
EYEWEAR

SHOP MEN
SHOP SALE
BOUTIQUES
COLLECTIONS
CAMPAIGN
ABOUT



HOME / SHOP / MARTINI ANKLE STRAP PUMP

### MARTINI ANKLE STRAP PUMP
$495.00



COLOR: NAVY

SIZE

| 35 | 35.5 | 36 | 36.5 | 37 |
| 37.5 | 38 | 38.5 | 40 |

ADD TO MY BAG

SHARE THIS PRODUCT    PRINT

CUSTOMER CARE

THE MARTINI ANKLE STRAP PUMP IS HERE WITH HER PLAYFUL PRINT AND CLASSIC SHAPE THESE LEATHER-LINED FLIRTS ARE MADE WITH 100% SNAKE SKIN AND HAND PAINTED WITH TINY WHIMSICAL POLKA DOTS.

- SHUS-T106PKA-NAVY
- 100% SNAKE SKIN (ELAPHE RADIATA) UPPER, 100% SHEEP LEATHER LINING, LEATHER SOLE

## 3.1 Phillip Lim

SHOP WOMEN

SHOP MEN

SHOP SALE
WOMEN
  BAGS
  OUTERWEAR
  TOPS
  BOTTOMS
  FOOTWEAR
  DRESSES
  ACCESSORIES

MEN

BOUTIQUES
COLLECTIONS
CAMPAIGN
ABOUT





HOME / SHOP WOMEN / FOOTWEAR / MARTINI FLAT SANDAL

### MARTINI FLAT SANDAL

$375.00 $263.00

COLOR: RASPBERRY

SIZE

| 35 | 36 | 36.5 | 37 | 37.5 |
| 38 | 38.5 | 39 | | |

**ADD TO MY BAG**

SHARE THIS PRODUCT    PRINT

CUSTOMER CARE

YOUR COMFORT REFINED. THE MARTINI FLAT
SANDAL KEEPS IT CLEAN WITH A SINGLE TOE
VAMP AND ANKLE STRAP. DETAILS INCLUDE
EMBOSSED BOMBE LINES AND A HEEL ZIP-
CLOSURE.

ALL SALE ITEMS ARE FINAL SALE.

- SHN-T0A6OM-RASPBERRY
- 100% TOP GRAIN SHEEP LEATHER



HOME / SHOP / MARTINI MID HEEL SANDAL



MARTINI MID HEEL SANDAL
$150.00 $315.00

COLOR: PEACH

SIZE

| 35 | 36.5 | 37 | 37.5 | 38 |
| 39 | 39.5 | 40 | | |

ADD TO MY BAG

SHARE THIS PRODUCT      PRINT

CUSTOMER CARE

A FEMALE QUIETUDE, INSPIRED BY OUR FAVORITE
DRINK, THIS MID-HEEL SANDAL KEEPS IT REFINED
WITH A SINGLE TOE VAMP AND ANKLE STRAP.
DETAILS INCLUDE EMBOSSED BOMBE LINES, A
HEEL ZIP-CLOSURE, AND A MARTINI GLASS-
SHAPED HEEL.

ALL SALE ITEMS ARE FINAL SALE.

• SH53-T042PNU-PEACH
• 100% CALF-LEATHER
• DELICATE SUEDE
• 80MM HEEL HEIGHT

3.1 Phillip Lim

SHOP WOMEN

NEW ARRIVALS
COMING SOON
BAGS
OUTERWEAR
KNITWEAR
DRESSES
TOPS
BOTTOMS
FOOTWEAR
ACCESSORIES
EYEWEAR

SHOP MEN
SHOP SALE
BOUTIQUES
COLLECTIONS
CAMPAIGN
ABOUT





HOME / SHOP WOMEN / FOOTWEAR / MARTINI HIGH HEEL MULE

## MARTINI HIGH HEEL MULE
$475.00

COLOR: MOCHA

SIZE

| 35 | 36 | 36.5 | 37 | 37.5 |
|----|----|------|----|------|
| 38 | 38.5 | 39 | | |

**ADD TO MY BAG**

SHARE THIS PRODUCT    PRINT

CUSTOMER CARE

- SHR4-T059NBK-MOCHA
- 100% TOP GRAIN SHEEP LEATHER